UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22605-Civ-Martinez-McAliley

YALE MORTGAGE CORPORATION,

        Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

        Defendant,

_____/

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION (DE 81) TO PLAINTIFF'S CONSOLIDATED POST-TRIAL MOTION (DE 79)

Plaintiff, Yale Mortgage Company ("Yale"), by and through undersigned counsel, hereby submits this Reply Memorandum in support of their Consolidated Post-Trial Motion.

In Yale's Post-Trial Motion (DE 79), it: (1) renewed its motion for directed verdict on the defense of waiver and asked the Court to alter or amend its judgment (DE 73) accordingly; (2) asked the Court to grant Yale declaratory relief as necessary to fully resolve the dispute as pled; (3) moved the Court to alter or amend the judgment to add prejudgment interest; and (4) to award costs to Yale. While Wells Fargo has raised a valid point that current federal law does not support the award of Yale's costs for technological assistance, the remainder of the arguments in Wells Fargo's Opposition to Plaintiff's Consolidated Post-Trial Motion ("Opposition") (DE 81) are wide of the mark.

### ARGUMENT

#### I. YALE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW REGARDING WELLS FARGO'S WAIVER DEFENSE

As a matter of law, Yale never waived its right to reimbursements from Wells Fargo for the non-contracted servicing delta. On this issue, the facts are not in dispute as there was no

conflict in the testimony; therefore, all that remains is an issue of law. The undisputed facts are that Yale accepted payments it was entitled to from Wells Fargo, while having announced to Wells Fargo that it disagreed with Wells Fargo's decision to pay itself a "servicing delta" and reserving its rights to file litigation. No one claims that Yale ever agreed to or accepted the propriety of the "servicing delta," or "intentionally" gave up the right to recover it which was expressly reserved in its counsel's demand letter to Well Fargo (PX 25 admitted at trial, DE 72-19) ("in the event that the Master Servicer does not comply with the foregoing demands, Yale will have no alternative but to pursue all available legal remedies"). There was no evidence of an intentional relinquishment of Yale's right to reimbursement. Further, testimony from Yale and Wells Fargo's officers at trial recognize the unambiguous preservation of right to reimbursement: Mr. Brehm from Defendant echoed the statement of Mr. Chaby from Plaintiff that the parties had "agreed to disagree" on the servicing delta while going forward with the agreed-upon reimbursements which were not in dispute.

On this record there was no evidence of waiver. Under New York law, a waiver requires evidence of a clear manifestation of intent to relinquish the right at issue and cannot be lightly inferred. *Chi. Ins. Co. v. Kreitzer & Vogelman*, 265 F.Sup.2d 335, 343 (S.D.N.Y. 2003). Both Yale and Wells Fargo testified that the parties "agreed to disagree" regarding the propriety of the additional service fees. As a matter of law, an agreement to disagree cannot constitute a waiver. Rather, this meeting of the minds is indicative of both parties' intent to preserve their disagreement and Yale's right to reimbursement for the servicing deltas. Therefore, there was never an issue of fact for the jury to decide and as a matter of law the court should direct a verdict in Yale's favor. There is no question that had Yale filed suit, say, three months after its demand letter there would be no issue of waiver. The law provides, however, that Yale had until

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

the statute of limitations expired – five years for a contract case – to file suit, and Yale timely did so. (There was no defense of limitations raised in this case.) The only difference – delay in filing suit on rights already asserted by demand letter – is not "waiver" as a matter of law. Nor do emails sent by Yale employees agreeing as to the **calculation** of servicing delta in a few payments, amount to waiver of a claim to reimbursement of the fee as improper **in concept**[1]**.**

Acceptance of partial payment does not amount to a waiver of right to complete payment. *See D'Ull v. 1872 Monroe Ave. Hous. Dev. Fund Corp.*, 172 N.Y.S.2d 712, 713 (1991) (acceptance of partial payment does not amount to a waiver of right to complete payment); *Raises v. Eisele & King, Libaire, Stout & Co.*, 246 N.Y.S.2d 942 (1964) (party who demanded $7100 did not waive claim to difference by accepting $3000 offered by defendant). Yale cannot be penalized for accepting payments it was indisputably entitled to.

Wells Fargo's opposition inappropriately relies on cases regarding waivers of right to rescission in the context of insurance to argue that Yale waived its right to reimbursement. An insurance entity might be found to have waived its right to rescind because it had sufficient knowledge of the insured party's misrepresentations and voluntarily chose to accept premium payments rather than cancel the coverage. *See, e.g., Am. Gen. Life Ins. Comp. v. Salamon*, Case No. 09-5428, 2011 WL 976411, at *4 (E.D.N.Y. Mar. 16, 2011); *Scalia v. Equitable Life Assurance Soc.*, 673 N.Y.S.2d 730, 730-31 (1998). This is the law because acceptance of insurance premiums is **contrary** to the insurer's right to rescind[2]. Yale's acceptance of money to which it was concededly entitled regardless of the "servicing delta" dispute is completely

---

[1] At best for Wells Fargo, these emails could only be "waiver" of the servicing delta included in these specific payments.

[2] "[W]here an insurer accepts premiums after learning of an event allowing for cancellation of the policy, the insurer waives the right to cancel or rescind." *Salamon*, 2011 WL 976411, at *4; *Mut. Life Ins. Co. v. Rodriguez*, 880 N.Y.S.2d 619, 625 (2009).

different.

The fact that Yale delayed in filing suit in order to avoid retaliatory behavior is not evidence of waiver. *See Ferraro v. Janis*, 880 N.Y.S.2d 201, 203 (2009) (passive acquiescence to other party's conduct does not constitute waiver); *Midway Paris Beauty Sch. v. Travelers Ins. Co.*, 614 N.Y.S.2d 200 (1994) (evidence of discussions and payments between parties did not amount to waiver when evidence of dispute existed). At trial, both parties testified that Wells Fargo refused to consider Yale's several initial objections to the servicing delta, and unequivocally stated they would continue to reduce Yale's reimbursement by the contested amount. *See* Wells Fargo Opposition at 4. Therefore, Yale cannot be penalized for failing to continuously make repetitive objections to the servicing delta when "the ship had sailed" in so far as Yale's disagreement with those charges. Wells Fargo has taken the position that even had Yale filed suit, it would have continued to make the undisputed payments to Yale (despite Yale's worries in that regard).  This means that Wells Fargo has no evidence of estoppel and the delay in filing suit (to obtain counsel, build up funds to pay for same, and the like) made no relevant difference for Wells Fargo.  Essentially, the "waiver" finding that Wells Fargo can keep $500,000 that it **wrongly** and **unjustifiably** kept from Yale during the period before suit was filed is legally indefensible.

II.     YALE IS ENTITLED TO DECLARATORY RELIEF

Yale is entitled to declaratory relief and damages because both are necessary for complete relief. Fed. R. Civ. P. 54(c). The court should award declaratory judgment because it serves a vital, useful purpose: it forbids Wells Fargo from continuing to charge Yale an additional servicing delta fee.  Only declaratory relief will give lasting effect to the jury's finding that the servicing delta was not allowed under the contract and represented overcharging by

4

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

Wells Fargo.

Contrary to Wells Fargo's argument, Yale has always requested declaratory relief and specifically stated in its complaint that "the improper setoffs are ongoing and will, if not corrected, cancel substantially all of the remaining $959,180 owed to Yale." (DE 1 ¶¶ 20, 21). Declaratory relief was also requested in the pretrial stipulation, in which Wells Fargo even recognized the impropriety of continuing to charge the servicing delta if the jury found for Yale in its pretrial stipulations. (DE 42 at 2). While the law is that the Court should enter declaratory relief even if Plaintiff had never asked for it (Fed. R. Evid. 54(c)), Wells Fargo's arguments that declaratory judgment was never requested until after trial are simply wrong.

Declaratory relief should be granted in addition to damages for breach of contract to avoid piecemeal resolution of this dispute and because a superior remedy is not available. *See Rochester v. Vanderline Electric Corp*., 392 N.Y.S.2d 167, 169 (1977) (granting declaratory judgment in order to ensure defendant complied with its obligations). To be sure, declaratory judgment is not always appropriate if there are other adequate remedies available. *See Matter of Morgenthau v. Erlbaum*, 59 N.Y.2d 143, *cert. den.,* 464 U.S. 993 (1983); *Gaynor v. Rockefeller*, 15 N.Y.2d 120 (1965). In this case, declaratory relief is necessary to the resolution of this dispute because Wells Fargo has continued to charge the improper servicing delta post-trial, despite the jury's finding that such additional fee was never warranted. Therefore, the court must grant declaratory relief as finding otherwise would result in subsequent litigation and thus piecemeal resolution. See *Greenpoint Mortg. Funding, Inc. v. Commonwealth Land Title Ins. Co.*, 836 N.Y.S.2d 493, 496 (2007) (citing *City of Rochester,* 392 N.Y.S.2d at 169). Wells Fargo's statement that it is not paying the servicing delta because of settlement discussions does not change the fact that Wells Fargo's position has always been that it retains the right to reserve the

"servicing delta" going forward.  Given that Wells Fargo has continued to withhold additional servicing fees post-trial, declining declaratory relief would force Yale to pursue further litigation regarding issues that have already been decided in their favor by the jury.  This would be an abuse of discretion because a trial has already been held and there are no issues of ripeness, mootness, and justiciability.  *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330-31 (11th Cir. 2005); *Exxon, Corp. v. FTC*, 588 F.2d 895, 901-03 (3rd Cir. 1978).  Therefore, the court should grant Yale's pending claim for declaratory judgment as to Wells Fargo's ongoing and future deductions of illegitimate servicing fees.

Declaratory relief will ensure Yale's full reimbursement for the indisputably improper servicing delta that Wells Fargo had no right to retain.  Contrary to Wells Fargo's statements (see Wells Fargo Opposition at 8), Yale has not received complete relief.  Wells Fargo has the numbers wrong.  As the parties' Pretrial Stipulation stated, the amount of damages related to the servicing delta claimed by Plaintiff at trial was $934,812.37, the amount of servicing delta withheld through January 2012 (DE 43 item (7) at page 5).$^{3}$  The figure cited by Wells Fargo of $775,919 (DE 81 at page 8) is in fact the amount of unreimbursed advances made by Yale, the right to reimbursement for which had not yet accrued as of January 2012.   Thus, there remains $775,919 of advances due to Yale, which will be recovered over time by Wells Fargo, and which, pursuant to the jury verdict, may not be retained by Wells Fargo.  In short there are 775,000 reasons why Yale is entitled to declaratory relief.

---

$^{3}$ Previously recovered advances, in the amount of $3,435,515, were credited or paid to Yale, less the servicing advances and other items withheld by Wells Fargo from them. *See* DE 43.

6

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

### III.   YALE IS ENTITLED TO PREJUDGMENT INTEREST

In Florida, "prejudgment interest is awarded to compensate a claimant fully by adding the damages incurred as a result of the delay in obtaining a judgment." *Volkswagen of Am., Inc. v. Smith*, 690 So. 2d 1328, 1330 (Fla. 1st DCA 1997). "The plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's liability therefor." *Argonaut Ins. Co. v. May Plumbing Co.,* 474 So. 2d 212, 215 (Fla. 1985). Prejudgment interest is to be calculated at the statutory rate from the date of the plaintiff's loss. *See id.*

In its Opposition, Wells Fargo incorrectly argues that Yale is not entitled to prejudgment interest because Yale failed to include any request for prejudgment interest in the complaint or to present the issue to the jury. (Wells Fargo Opposition at 10). This is not the law. Instead, Plaintiff's request for compensatory damages includes a request for prejudgment interest as a matter of law. There was no issue of notice, as Plaintiff's interrogatory answers in November 2011 specified the prejudgment interest it was seeking. *See* Exhibit 29 (submitted in connection with summary judgment briefing, DE 21, question 5 and spreadsheet with calculations).  In Florida, "prejudgment interest does not have to be pled, and an award of prejudgment interest is non-discretionary once the amount of loss is ascertained." *Mercedes-Benz of N. Am., Inc. v. Florescue & Andrews Inv., Inc.*, 653 So. 2d 1067 (Fla. 4th DCA. 1995). Further, "there is no need to submit the question of interest to the jury where the amount of damages is liquidated and the assessment merely requires calculation." *Broward Cnty. v. Sattler*, 400 So. 2d 1031, 1033 (Fla. 4th DCA 1981), *citing Plantation Key Developers, Inc. v. Colonial Morgt. Co. of Ind., Inc.,* 589 F.2d 164 (5th Cir. 1979). The parties' joint pre-trial stipulation (DE 43) clearly stated the liquidated damages in dispute, and the jury's verdict made clear that, but for the amount the jury

7

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

wrongfully determined that Yale waived, Yale was entitled to the entire liquidated amount. Therefore, in accordance with Florida law, the Court must award Yale pre-judgment interest, accruing from the date that Yale was first damaged.

The cases cited by Wells Fargo are off-point. In *Volkswagen of America, Inc. v. Smith*, 690 So. 2d 1328 (Fla. 1st DCA 1997), the court found that prejudgment interest should not have been awarded against one of the parties, Volkswagen, for the period of time that Volkswagen was not a party to the case. *See id.,* at 1330. Volkswagen was not a party for a period of time because the plaintiff had voluntarily dismissed it from the action, and then reinstated the action against Volkswagen. *See id.* That reasoning has no relevance here.

The second case cited by Wells Fargo, *Hi-Shear Tech Corp. v. United Space Alliance, LLC.,* 1 So. 3d 195, 205 (Fla.5th DCA 2008), held that plaintiff waived its claim to pre-judgment interest because of a nine-month delay in asking for the relief after judgment. *See id*., at 204. In this case, of course, Yale's request was timely. Wells Fargo also argues that the jury should have computed prejudgment interest. Again, this is not the law.

> Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation. There is no "finding of fact" needed. Thus, it is a purely ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict.

*Zacco Contractors, Inc. v. Irving Trust Co.*, 488 So. 2d 616, 617 (Fla. 3d DCA 1986), *citing Argonaut,* 474 So. 2d at 215. There was no need for Yale to submit the issue of prejudgment interest to the jury and the lack of a jury award containing prejudgment interest has no impact on Yale's current motion. The cases that Wells Fargo cites in support of its argument are pre-*Argonaut*, and are therefore inconsequential and inapplicable. The jury did not need to hear evidence or make findings necessary to calculate an award in order for Yale to be entitled to pre-

judgment interest.

It is indisputable that Yale is entitled to prejudgment interest for all improperly withheld payments. Clearly this must include all months before the "waiver" argument could be made (based on the defendant's defense letter, DX 26, which was not sent until June 2009). There could be no "waiver" until after this letter, under any theory, nor was the overcharging for Brehm's time the subject of any waiver argument. DE 79-1 is thus based on the assumption that claims after August 2009 were waived, with the remaining withheld items necessary to reach the jury verdict added from the most recent payments up through January 2012. This calculation is non-speculative, is supported by the jury's question as to when the lawsuit was filed, and minimizes the amount of prejudgment interest. The Plaintiff is entitled to prejudgment interest as claimed, based on the rate in effect as of various times.

## CONCLUSION

For all the reasons set forth above, Plaintiff Yale Mortgage Corporation respectfully requests that the Court grant Yale's consolidated post-trial motions including: (1) judgment as a matter of law regarding Wells Fargo's affirmative defense of waiver; (2) declaratory judgment; (3) prejudgment interest; and (4) costs in the amount of $2,937,10.

Respectfully submitted,

/s/Fernando L. Tamayo
Jeffrey B. Crockett, Florida Bar No. 347401
Fernando L. Tamayo, Florida Bar No. 28530
ftamayo@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
*Counsel for Plaintiff Yale Mortgage Corporation*

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

Case No. 11-22605-Civ-Martinez-McAliley

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF, on June 4, 2012, on all counsel or parties of record on the Service List below.

s/Fernando L. Tamayo
Fernando L. Tamayo

| | |
|---|---|
| George E. Nadar, Esq. | Michael E. Johnson, Esq. |
| gnader@trenam.com | michael.johnson@alston.com |
| TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A. | ALSTON & BIRD LLP |
| 101 East Kennedy Boulevard, Suite 2700 | 90 Park Avenue |
| Tampa, Florida 33602 | New York, New York 10016 |
| Tel: 813-223-7474 | Tel: 212-210-9400 |
| Fax: 813-223-6553 | Fax: 212-210-9444 |

*Counsel for Defendant Wells Fargo Bank*

10

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com